DANIEL, J.,
delivered the opinion of the Court.
Where a contract is made for the purchase of an article hereafter to be delivered and paid for, so long as any act remains to be done by the vendor in order to put it in a state of readiness for delivery, or the amount of the purchase money remains yet to be ascertained, ■ by the enumeration, measurement, or weighing of the article, the general rule is, that the property does not pass to the buyer, but still remains at the risk of the seller.
It does not seem to the Court that there is anything in the case before us to exempt it from the influence of this rule.
Here the contract was for the purchase of an article yet to be prepared. The appellant by his agent Palmer, contracted with the appellees, for the purchase of all the tobacco stems they might prize during the year 1832, (with the exception of a number of hogsheads not exceeding twenty, which the appellees reserved to themselves the right to send to their father in Baltimore,) at one dollar and seventy-five cents per hundred pounds, and seventy-five cents per hogshead storage. There was nothing in the terms of the contract to bind the appellees to prepare any given quantity of stems, and had they at any time after the contract was made, consulting their own interests alone, discontinued the manufacture of tobacco and thus failed to have any stems prepared, the appellant, however much disappointed thereby, would have had no legal ground of complaint against them. And though it appears that Palmer was in the habit of occasionally ^advancing to the appellees money on account of stems • before the bills were presented, there is nothing in the terms of the contract to shew that he was bound to do so, or could be called upon to make any payment, until notified in some way that stems were prepared, prized, weighed and ready for his acceptance.
At the time when the fire occurred fifty-six hogsheads of stems had been prepared, prized, and set apart in the storing room of the appellees attached to their factory, as stems designed for the appellant; and they had been pointed out to Palmer, as such, when on a visit to the factory a short time before the fire, which he made with a view to ascertain how far the preparation of the stems had progressed. The hogsheads however had not been marked as the stems of the appellant, nor had the stems been weighed.
What was the state of the accounts between the parties at the date of the fire does not appear. As, however, the demand is asserted only for the price of the fifty-six hogsheads, estimating them at a supposed average weight, and their storage, and there is no other reference in the pleadings and proofs to the state of accounts, the inference is, there was not any balance on account of the previous dealings in the stems on either side.
It appears that the wishes of Palmer were consulted, and the benefit of his principal to some extent promoted by the habit which seems to have prevailed with the appellees, of deferring the weighing of the hogsheads till Palmer might be ready to ship them. But there is nothing to shew that such habit originated in any obligation imposed by the terms of the contract, or that the appellees did not have a perfect right to have weighed the stems as soon as they were prized, and to have then demanded their price.
It thus seems to the Court that there is no feature in the case to distinguish it favourably for the pretensions *of the appellees from the ordinary case of a contract for the purchase by weight of goods to be thereafter prepared and delivered and paid for on delivery, in which the weighing had not taken place at the period to which the questions of property and of consequent risk are to be referred.
*97 The Court is therefore of opinion that at the date of the fire the stems in question were not the property of the appellant, remaining with the appellees on account of and at the risk of the appellant, but were still the property of the appellees; and consequently that the Circuit court erred in rendering a decree in favour of the appellees for the price.
Decree reversed with costs, and bill dismissed. _